UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

GWENDOLYN ALLEN,

         Plaintiff,

CASE NO.:

v.

DENNIS SULLIVAN,

an individual,

         Defendants.
_____/

## COMPLAINT

Plaintiff, GWENDOLYN ALLEN, ("Allen") hereby sues Defendants DENNIS SULLIVAN, an individual ("Sullivan") and states as follows:

### Allegations Common to All Counts

1. This is an action for monetary damages for which jurisdiction is based on 28 U.S.C. § 1331.

2. Plaintiff Gwendolyn Allen was, at all material times hereto, a resident of Duval County, Florida.

3. Defendant Dennis Sullivan is a resident of the state of Florida and was at all material times an Officer with the Jacksonville Sheriff's Office in Duval County, Florida and acting within his capacity as a law enforcement officer of the Jacksonville Sheriff's Office.

4. Venue is proper in the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C §1391 since all of the actions giving rise to this litigation occurred in the Middle District of Florida, Jacksonville Division.

5. On or about October 27, 2018, Plaintiff Allen attended a show at the Florida Theater along with her two daughters and two of their friends.

6. Towards the end of the show, Ms. Allen, with all four girls accompanying, left the auditorium and went to the lobby. As it was the day of the Florida/Georgia football game, the downtown area was exceedingly busy with people filling the streets. Ms. Allen was concerned about getting separated from the girls in such a large crowd.

7. Ms. Allen noted the number of people sitting on the floor and standing on the stairs. She and the girls sat on the stairwell close to the wall and out of the way.

8. Shortly thereafter, a bartender ascended the staircase with the till from her register. She was escorted by a police officer. As the bartender climbed the stairs, she made comments about Ms. Allen and the girls sitting on the stairs. Ms. Allen responded jokingly by discretely extending her middle finger to scratch the side of her face.

9. Upon seeing this, Defendant Sullivan, in an overly aggressive manner and tone, began berating Ms. Allen about whether she had made the motion towards the bartender or the officer.

10. Defendant Sullivan erupted and became increasingly hostile, belligerently telling Ms. Allen, "You can get the f*** out of here."

11. Ms. Allen asked that Defendant Sullivan not use such coarse language in front of the kids.

12. At the time, Ms. Allen, shocked and in disbelief, was unsure if Defendant Sullivan was actually ejecting her from the theater.

13. Defendant Sullivan then grabbed Ms. Allen roughly by the arm and forcibly pulled her out of the theater and pushed her into the large crowd of people outside.

14. Still in shock of what had happened, Ms. Allen immediately began trying to locate the girls accompanying her. She was able to find a bench for them to sit on outside the theater and apart from the crowd.

15. Ms. Allen began to retrieve her phone to call a ride-share service to get a ride home.

16. In the mere minutes it took for Ms. Allen to ensure the girls were secured in the midst of the large crowd and before she could contact the ride-share service to return home, Defendant Sullivan angrily told her that since she was not leaving, she was under arrest.

17. Defendant Sullivan again grabbed her forcibly by the arm. Ms. Allen struggled to keep pace with Defendant Sullivan; tripping over the heels she was wearing while she was being dragged roughly across the street.

18. Defendant Sullivan placed Ms. Allen in handcuffs and aggressively slammed her onto the bench located across the street from the theater.

19. As Ms. Allen's daughter approached, Defendant Sullivan swore at her telling her to "Get the f*** away."

20. Ms. Allen again objected to the language used by Defendant Sullivan towards her daughter.

21. Responding angrily, Defendant Sullivan picked up the restrained Ms. Allen and violently slammed her to the ground resulting in a blow to her head.

22. While Ms. Allen lay on the ground, Defendant Sullivan proceeded to strike her in the face.

23. After being transported to the Pre-Trial Detention Facility and being seen by a medical professional, Ms. Allen was taken to the emergency room. The nurse at the Pre-Trial Detention Facility noted that she had a head injury.

24. Plaintiff has been forced to retain the undersigned law firm for the prosecution of this action and the vindication of her rights.

25. All conditions precedent to the institution of this action have occurred, have been performed, or have been waived.

## Count I

### (§1983 – Fourth Amendment)

26. The allegations of paragraphs 1 through 27 are incorporated by reference and made a part hereof as it fully set forth herein.

29. This is an action for damages based on 42 U.S.C. §1983 predicated on violations of the Fourth Amendment of the United States Constitution.

30. By virtue of the foresaid actions, Defendant Sullivan unreasonably seized Ms. Allen by use of excessive force.

31. At all times mentioned hereto Defendant Sullivan was acting under color of state law, and deprived Ms. Allen of rights secured to her by the 4th Amendment to the United States Constitution and the laws of the United States.

32. At all material times the actions of Defendant Sullivan were taken without legitimate justification.

33. Plaintiff Allen has sustained damages as a direct and proximate result of Defendant Sullivan's actions including bodily injury and resulting pain and suffering, emotional distress, psychological injuries, disability, disfigurement, loss of capacity for the enjoyment of life, mental anguish, medical and nursing care and treatment, loss wages and the loss of ability to earn money in the future. These losses are permanent and continuing and Plaintiff Allen will suffer these losses in the future.

34. Plaintiff Allen seeks attorneys fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff Gwendolyn Allen demands judgment against Defendant Dennis Sullivan, an individual, together with attorneys' fees, costs, interest and such other relief as this court deems appropriate.

### Count II

### (State Claim - Battery)

34. The allegations of paragraphs 1 through 27 are incorporated by reference and made a part hereof as if fully set forth herein.

35. Defendant Sullivan actually and intentionally touched and struck Ms. Allen against her will by slamming her to the ground and striking her in the face.

36. Defendant Sullivan actually and intentionally caused bodily harm against Ms. Allen by throwing punches, grabbing her arms, and/or by forcefully pushing her to the ground.

37. Ms. Allen has sustained damages as a direct and proximate result of the Defendant Sullivan's actions including bodily injury and resulting pain and suffering, emotional distress, psychological injuries, disability, disfigurement, loss of capacity for the enjoyment of life, mental anguish, medical and nursing care and treatment, loss wages and the loss of ability to earn money in the future. These losses are permanent and continuing and Plaintiff Allen will suffer these losses in the future.

WHEREFORE, Plaintiff Gwendolyn Allen demands judgment against Defendant Dennis Sullivan together with costs, interest, and such other relief as this court deems appropriate.

### Demand for Jury Trial

Plaintiff Gwendolyn Allen demands trial by jury on all issues so triable.

DATED this 4th day of September, 2020.

          **LAW OFFICE OF KELLY B. MATHIS**

By:_____
Kelly B. Mathis, Esquire
Florida Bar No. 0768588
John H. Darnell, Esquire
Florida Bar No. 1020230
3577 Cardinal Point Drive
Jacksonville, FL  32257
(904) 549-5755
Primary:        kmathis@mathislaw.net
Secondary:   jdarnell@mathislaw.net
                       carmen@mathislaw.net
*Attorney for Plaintiff*